McGibbon, Appellant, vs. Walsh, Respondent.

*March 2 — March 19, 1901.*

*Pleading: Partnership: Assumption of debts by one partner: Witnesses: Refreshing recollection.*

1. A complaint alleging that defendant and another were partners in carrying on a hotel; that plaintiff sold said partners milk, for which a balance is still due; and that thereafter defendant purchased the interest of his partner and as part of the consideration agreed to pay the debts of the firm, states a cause of action for the enforcement of defendant's promise to pay the firm debts and not a cause of action to enforce a partnership obligation.
2. The court having ruled that a witness might refresh his recollection by referring to a magistrate's notes of testimony in another case, he replied that he could not read. *Held*, not error to refuse to allow counsel to read such notes to him, in the absence of anything to identify them or substantiate their truthfulness.

Appeal from a judgment of the superior court of Douglas county: Charles Smith, Judge. *Affirmed.*

The complaint alleges that between January 4 and July 17, 1894, the defendant and one Collins were partners, and as such carried on the business of running a hotel at Superior, Wisconsin; that between the dates mentioned plaintiff sold said copartners milk; that there is still a balance due of $109.05. About July 17, 1894, Collins sold out to defendant, and as a part of the consideration for such sale he agreed to pay the debts of the partnership. Defendant answered by general denial, with an allegation of payment. There was no proper denial under oath of the allegation of

McGibbon vs. Walsh.

partnership. At the close of the testimony the court directed
a verdict for defendant. A motion to set aside the verdict
and for a new trial was denied, and from the judgment for
defendant the plaintiff has taken this appeal.

The cause was submitted for the appellant on the brief
of *Victor Linley,* and for the respondent on that of *A. T.
Rock.*

Bardeen, J. The trial court held that this was an action
upon an alleged promise of defendant to pay the debt due
plaintiff, and, there being no evidence to sustain such prom-
ise, directed a verdict for defendant. The plaintiff now
claims that two causes of action are stated in his complaint;
one for the collection of a partnership obligation, and the
other upon the promise of defendant to pay the debt sued
for. If this be admitted, still we are unable to see how the
plaintiff has shown any right of recovery. The allegation
of copartnership between defendant and Collins was not
denied under oath, and must be taken as an admitted fact
in the case. There is, however, no proof that the milk sued
for was ever sold or delivered to the partnership. The testi-
mony shows that the milk was delivered at the Occidental
Hotel, and that Mr. Collins was the proprietor. There is
not a word in the testimony that the copartnership was
running the hotel business. Without such proof, no recov-
ery could be had upon this alleged cause of action. But we
do not think the complaint is susceptible of the construction
contended for. It seems very plain that the real cause of
action is based upon the dissolution of the firm and the
alleged promise of defendant to pay all of the firm debts.
If such promise had been proven, a recovery would have
followed. That the plaintiff proceeded upon this theory is
evident from the fact that his efforts on the trial were di-
rected towards establishing such promise. If he had been
seeking to enforce a partnership obligation, Collins, the

In re Assignment of Bank of West Superior:   Goodvin vs. Nichols.

other partner, was a proper party. If, however, the defendant had urged the objection of a defect of parties, he would have been met with the assertion that the action was founded upon the promise to pay, which would have been a complete answer. The plaintiff cannot be permitted to occupy such inconsistent positions. The procedure upon the trial indicates that he was relying upon defendant's promise to pay his debt. The trial court properly determined that there was no evidence of such promise sufficient to require a submission of the question to the jury.

The claim that the court erred in refusing to allow plaintiff's attorney to refresh the recollection of the witness Collins by referring him to the magistrate's notes of testimony in some other case is not well founded. The court ruled that he might so refresh his recollection, whereupon the witness replied that he could not read. Counsel then asked the privilege of reading the testimony to him, which was denied. No effort was made to identify or substantiate the truthfulness of the magistrate's notes. Under those circumstances the ruling of the court was correct.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.